Richards *v.* Stephenson.

————————◆————————

ALFRED RICHARDS & others *vs.* ALBERT STEPHENSON.

G. acquired title to a specific part of a schooner incumbered by an antecedent mortgage, and conveyed it, together with another vessel, to the defendant, as security for his indebtedness to the defendant and to a firm of which the defendant was a member. Subsequently, and at G.'s request, the defendant conveyed the schooners thus held by him to the plaintiffs (to whom, also, G. was indebted), and at the same time, the plaintiffs agreed in writing with the defendant, that when they disposed of the schooners, they would satisfy the demands held against the same by the defendant and his firm, and place the balance to the credit of G. Subsequently, the plaintiffs paid the outstanding mortgage, and then sold the vessels for more than the amount paid on the mortgage. *Held,* (1) That the bill of sale of the vessels and the written contract must be regarded as one transaction and be construed together; and (2) That an action cannot be maintained on the covenant of warranty in the bill of sale.

ON REPORT.

COVENANT, on warranty in a bill of sale of seven-eighths of schooner Scioto. The only consideration for the bill of sale was the written agreement executed simultaneously with the bill of sale.

The court were to render such judgment as the law and facts required.

The remaining facts sufficiently appear in the opinion.

*Lewis Pierce,* for the plaintiffs.

The defendant is estopped from denying the consequence and the consideration by the recitals in his deed. 1 Greenl. on Ev., § 26, n. *Steele* v. *Adams*, 1 Maine, 1. *Powell* v. *M. & B. Man. Co.*, 3 Mason, 351, 357. And because it is over his hand and seal. *Neil* v. *Tenney*, 42 Maine, 322. *Wing* v. *Chase*, 35 Maine, 260. *Page* v. *Trufant*, 2 Mass. 159. And even if the defendant intended to covenant on behalf of a third person, and did not intend to make himself personally liable, and received nothing himself. *Tippets* v. *Walker*, 4 Mass. 595. *Appleton* v. *Binks*, 5 East, 148.

The agreements given to the defendants of themselves make a good consideration, and the covenant of the defendant is not in any way conditional upon the performance of said agreements by the plaintiffs. Whether the plaintiffs have performed them or not, is immaterial and cannot affect this action, nor can the result of this action affect the liability of the plaintiffs to perform said agreements. Whether there are any existing " demands against said vessels " within the description of said agreements does not appear.

It cannot be contended that these agreements operate as a release of the covenant; they contain no reference to the covenant, nor any words which by intendment can be said to cover the mortgage, nor are they instruments of as high a character as the covenant.

" Covenant by deed must be discharged by deed." *Heath* v. *Whidden*, 29 Maine, 108.

The covenant sued on is a covenant of warranty. The incumbrance set forth existed at the date of the covenant, and the covenanter purchased the better title in consequence of the threats of the holders to foreclose and take possession.

The plaintiffs are therefore entitled to recover according to the agreement. 2 Greenl. Evid., § 244. *Tufts* v. *Adams*, 8 Pick, 547. *Cole* v. *Lee*, 30 Maine, 392. *Reed* v. *Pierce*, 36 Maine, 456. *Stoddard* v. *Gage*, 41 Maine, 287. *Estabrook* v. *Smith*, 6 Gray, 572.

*W. L. Putnam*, for the defendant.

1. The agreement discloses that the plaintiffs were trustees for the defendant and his firm,—namely, to sell the vessel and pay them the

proceeds,—and in that capacity they could not maintain a suit against their *cestui que trust.*

2. After paying any claims which defendant or his firm had against the vessel, plaintiffs had the privilege of applying the balance to their account against Sullivan Green, the equitable owner of the vessel.

Had the claims of Stephenson or his firm been understood as some particular sum, so that the plaintiffs might equitably have relied on the warranties in the bill of sale, as promising for their own advantage and for payment upon their own claims the whole surplus of the vessels over the specified claims of defendant, probably this suit could have been maintained.

But here the mortgage which plaintiffs paid, had it been paid by defendant or should he pay it now, would at once constitute one of the claims against the vessel which the plaintiffs have agreed to pay him.

In other words, they became trustees of this vessel for the payment of this very claim, among others, and became holden to pay it indirectly through defendant.

APPLETON, C. J. It appears that one William Folsom, owning seven-eighths of the schooner Scioto, on Feb. 6th, 1857, mortgaged the same to Demond & Robinson, of Boston.

Subsequently, Sullivan Green, having acquired a title to the seven-eighths of the schooner Scioto, thus incumbered, and being indebted to the defendant and to the firm of Davis & Co. of which the defendant was a partner, conveyed the same and the schooner Gloucester to the defendant as security for his indebtedness to him and to the firm of Davis & Co.

On Nov. 23d, 1866, at the request of Sullivan Green, the defendant conveyed the schooners thus held by him as security, to the plaintiffs, to whom said Green was indebted. At the same time the plaintiffs agreed with the defendant to dispose of the property, and after satisfying the demands held against the vessel by Davis & Co. and by the defendant, that " the balance, if any remained, shall be placed to the credit of Sullivan Green."

The bill of sale from the defendant to the plaintiffs, and the agreements from the plaintiffs with the defendant are of the same date, and are to be regarded as part of one and the same transaction, and must be so construed.

The plaintiffs agree that when they have disposed of the property, they will satisfy the demands which the defendant and the firm of Davis & Co. hold against the vessels, and that what remains shall be passed to the credit of Green. The Scioto was subject, in the hands of the defendant, to his claims and those of Davis & Co., as well as to any antecedent outstanding mortgage.

The plaintiffs sold the Scioto for more than the mortgage, having first paid the mortgage. The balance in their hands was to be passed to the credit of Green, who was the plaintiffs' debtor. What was this balance? The plaintiffs took the vessel to sell, and sold the same for more than the mortgage. The balance is what is to be passed to the credit of Green, after paying the defendant's claims and those of Davis & Co. The defendant would have nothing unless the Folsom mortgage was paid. If the defendant paid the Folsom mortgage, the plaintiffs were to account for it to, and pay him the same. He would hold the proceeds of the vessel as security for the amount of such payment equally with the other claims for which the vessel was held. If the plaintiffs paid this debt, they only paid what they would have been obliged to pay the defendant, if he had taken up the mortgage. They advanced the funds instead of the defendant, whom they must have paid had he paid the mortgage. The amount of the mortgage is not to be passed to the credit of Green, or to enure for his benefit as a credit. Yet such would be the effect if the plaintiffs were to recover. Green was bound to pay this debt to relieve the vessel. It is to be a charge on the vessel, not a credit to Green.

The plaintiffs are not damnified the price of the vessel in his hands. They are entitled to deduct the mortgage debt therefrom. The remaining balance they hold, to be accounted for in conformity with their contract with the defendant, of Nov. 23, 1866.

The plaintiffs have neither a legal nor equitable claim to recover the sum paid, nor has Green any right to have it passed to his

credit. It would be grossly unjust to compel the defendant to pay it. It would be against the manifest object and intent of the parties. *Plaintiffs nonsuited.*

CUTTING, KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.